IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS STAPLES, BABATUNDE
OWOSENI and ANDREW DILLON,

       Plaintiffs,

    vs.

PARAGON SYSTEMS, INC., SECURITY
CONSULTANTS GROUP, INC.,
SECURITAS SECURITY SERVICES USA,
INC. and COMMITTEE FOR FAIR AND
EQUAL REPRESENTATION,

       Defendants.

Case No. 13-cv-911-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on (1) defendant Security Consultants Group, Inc.,

Paragon Systems, Inc., and Securitas Security Services USA, Inc.'s (collectively "Employer

Defendants") motion to dismiss (Docs. 7 & 8)) and (2) defendant Committee for Fair and Equal

Representation's ("CFER") motion to dismiss (Docs. 10 & 11).  Plaintiffs Demetrius Staples,

Babatunde Owoseni, and Andrew Dillon (collectively "Plaintiffs") have responded to both

motions (Docs. 19 & 20).  For the following reasons, the Court grants CFER's motion to dismiss,

denies as moot the Employer Defendants' motion to dismiss, and dismisses this case in its

entirety.

   1.  Background

      Taking as true the allegations in the complaint, the following are the facts relevant to this

order.  At all times relevant, Plaintiffs were employed as security officers by Employer

Defendants and were members of CFER, the employee union.  CFER and defendant Security

Consultants Group, Inc. had negotiated a collective bargaining agreement.  As part of their

employment, Plaintiffs were required to possess a Firearm Control Card, commonly known as a

"tan card."  Employer Defendants failed to timely renew Plaintiffs' tan cards.  As a result,

Plaintiffs could not work and were not paid for several days.  Plaintiffs allege the Employer

Defendants' failure to renew their tan cards constituted a breach of the collective bargaining

agreement.  Plaintiffs also allege CFER breached its duty of fair representation when, at

Plaintiffs' request, it failed to file timely grievances, invoke arbitration, or seek court

intervention.  Plaintiffs seek lost wages, punitive damages, and equitable relief.

The Employee Defendants filed a motion to dismiss arguing the Court should dismiss

Plaintiffs' request for punitive damages, emotional distress damages, equitable relief and any

other claims for extra-contractual damages.  CFER also filed a motion to dismiss arguing

Plaintiffs' complaint must be dismissed for the following reasons: (1) the 2010 arbitration award

resolved all of Plaintiffs' claims; (2) the 2010 arbitration award disposes of the claims against the

Employer Defendants and CFER; and (3) Plaintiffs' claim is time-barred.  CFER attached the

October 2010 Arbitration Award to its motion.  *See Brownmark Films, LLC v. Comedy Partners*,

682 F.3d 687, 690 (7th Cir. 2012) ("[T]he incorporation-by-reference doctrine provides that if a

plaintiff mentions a document in his complaint, the defendant may then submit the document to

the court without converting defendant's 12(b)(6) motion to a motion for summary judgment.").

CFER previously arbitrated a grievance on behalf of union members who were prevented

from working and lost pay because the employer did not timely renew the union members' tan

cards.  The arbitrator, after considering Article Six of the collective bargaining agreement, found

in favor of the employer.  Specifically, the arbitrator found that Article Six deals with

disciplinary matters and only provides for reimbursement of missed work where the employee is

exonerated from an alleged violation and misses work based on the company's failure "to submit

company controlled certifications" such as a tan card.  The Court will now consider CFER's

motion to dismiss.  Because CFER's motion to dismiss results in dismissal of this entire case, the

Court need not consider the Employer Defendants' motion to dismiss.

    2.  Analysis

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all

allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to

state a claim, a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the

complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the

claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a

right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555;  *see Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009);  *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129

S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule

8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atlantic*, 550 U.S. at

561–63; *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to

avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to

relief . . . by providing allegations that 'raise a right to relief above the speculative level.'"

*Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading

standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.

2007).  A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555,

and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write

'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of

law *requires* a complaint to contain that allegation?"  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir.

2005) (emphasis in original).  Nevertheless, a complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell

Atl.*, 550 U.S. at 555.  If the factual detail of a complaint is "so sketchy that the complaint does

not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is

subject to dismissal.  *Airborne Beepers*, 499 F.3d at 667.  With these standards in mind, the

Court will consider CFER's motion to dismiss the Plaintiffs' duty of fair representation claim.

Plaintiffs' claims arise under § 301 of the LMRA.  Pursuant to § 301, federal courts have

jurisdiction over claims alleging a violation of a collective bargaining agreement.  *Nemsky v.

ConocoPhillips Co.*, 574 F.3d 859, 864 (7th Cir. 2009).  Here, Plaintiffs have filed a "hybrid

301" action because they allege CFER, the union, breached its duty of fair representation and

Employer Defendants breached the collective bargaining agreement.  These two claims are

"inextricably interdependent," and Plaintiffs "must establish both parts of [their] hybrid claim in

order to prevail."  *Id*. (citing *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 613 (7th Cir.

Plaintiffs allege CFER violated its duty of fair representation in several ways.  First,

Plaintiffs argue that CFER breached its duty of fair representation because it failed to appeal an

unfavorable arbitration ruling from October 2010 and failed to file further grievances or invoke

arbitration on behalf of Plaintiffs.  Second, Plaintiffs argue that CFER brought the previous claim

resulting in the unfavorable arbitration ruling under the wrong clause of the collective bargaining

agreement.  Third, Plaintiffs allege CFER breached its duty of fair representation when, at

Plaintiffs' request, it failed to file timely grievances, invoke arbitration, or seek court

intervention.

The October 2010 arbitration award stems from a similar situation wherein union

members' tan cards expired through no fault of their own.  As a result, the union members were

unable to work and the employer did not compensate the union members for the days they could

not work.  In the arbitration proceedings, CFER maintained this outcome was unfair and in

violation of the collective bargaining agreement.  The arbitrator specifically considered whether

the employer was liable to the union members for their failure to timely receive their tan cards

(Doc. 11-1).

The following is the relevant contract language the arbitrator considered:

Article VI – Section 1.  Discipline: . . . It is agreed by the parties that in instances when the Employee is removed from working under the DHS/FPS contract, the Employee's authority to work as a security guard under the DHS-FPS contract is otherwise denied or terminated by the DHS/FPS, or the Employee no longer satisfies DHS/FPS' qualifications for his or her position, the Employee may be terminated without recourse to the procedures under this agreement . . . .

. . .

Section 4: . . . In the Event a bargaining unit Employee is suspended pending investigation for any infraction and found not to be in violation of any contract procedures, laws or the SCG Protective Forces Policies and Procedures Manual they will be reimbursed for all work hours missed based on their average work week in the past month.  This shall include any time off due to the company failing to submit company controlled certifications (Tan Card/government clearance, CPR/first aid/Baton Training) . . . ."]

(Doc. 11-1, p. 5).  Ultimately, on October 27, 2010, the arbitrator made the decision that Section Six applied only to discipline and did not provide relief in the union members' situation.

First, the Court notes that Plaintiffs had six months to challenge the arbitration award if they believed it to be incorrect.  *Air Wis. Pilots Prot. Comm. v. Sanderson*, 909 F.2d 213, 218 (7th Cir. 1990).  They cannot now attack the 2010 arbitration award by bringing a claim against CFER.  Further, Plaintiff's claims against CFER are governed by a six-month statute of limitations.  *United Indep. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1262, 1270 (7th Cir. 1985).  The time to bring claims for CFER's alleged failure to appeal the arbitrator's award expired well before Plaintiffs filed this complaint on September 3, 2013.  As such, the Court dismisses Plaintiffs' claims against CFER to the extent they allege CFER breached its duty of good faith for failing to challenge the 2010 arbitration award and arguing the claim under the wrong section of the collective bargaining agreement.  *See Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 670 (7th Cir. 1998) ("[i]f a plaintiff pleads facts that show its suit is barred by a statute of limitations, it may plead itself out of court under a Rule 12(b)(6) analysis").

As such, the only issue remaining for this Court to resolve is Plaintiffs' claim that CFER breached its duty of fair representation when it failed to file grievances or insist on arbitrating at Plaintiff's request. "A union breaches its duty to fairly represent a member where its conduct toward a member is 'arbitrary, discriminatory, or in bad faith.'"  *Id*. (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)).  Thus, to survive this motion to dismiss, Plaintiffs must have alleged CFER's failure to pursue a grievance or arbitration was "arbitrary, discriminatory, or in bad faith."

A union's actions are arbitrary only if the union's conduct was "so far outside a wide range of reasonableness that it is wholly irrational or arbitrary."  *Marquez v. Screen Actors*

6

*Guild, Inc.*, 525 U.S. 33, 45 (1998).  Only an "egregious disregard for union members' rights constitutes a breach [of the duty of fair representation]."  *Garcia v. Zenith Elecs. Corp.*, 58 F.3d 1171 (7th Cir. 1995).  The discriminatory and bad faith elements are both subjective and require the court to examine a union's motivation.  *Konen v. Int'l Bhd. of Teamsters*, 255 F.3d 402 (7th Cir. 2001).  The plaintiff must allege the union "deliberately and unjustifiably refuse[d] to represent that worker in processing a grievance."  *Superczynski v. P.T.O. Servs., Inc.*, 706 F.2d 200, 202 (7th Cir. 1983).  A plaintiff must specifically plead facts supporting the allegation of a union's discriminatory intent.  *Slagely v. Ill. Cent. R.R. Co.*, 397 F.2d 546, 552 (7th Cir. 1968).

Here, Plaintiffs have summarily asserted that CFER's actions were "discriminatory, dishonest, arbitrary or perfunctory as to breach its duty of fair representation" (Doc. 1, p. 3).  They have failed to allege any conduct of CFER's that would satisfy the "arbitrary, discriminatory, or in bad faith" requirement.  Rather, they have merely asserted that CFER failed to pursue their grievance or seek arbitration against the Plaintiffs' wishes.  Even if Plaintiffs thought CFER's actions in that respect were unwise, CFER's actions as alleged do not constitute conduct towards the Plaintiffs that was "arbitrary, discriminatory, or in bad faith."  *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013) (a union's failure "to pursue a grievance as far as a union member might like isn't by itself a violation of the duty of fair representation").

Further, Plaintiffs have not alleged any facts that support a conclusion that CFER's motivation for failing to process the grievance or seek arbitration was discriminatory or in bad faith.  For instance, Plaintiffs make no allegations that CFER treated other requests for grievances or arbitration differently or that CFER had an improper motive in failing to file their grievance or seek arbitration.  Plaintiffs simply fail to allege that CFER had any subjective intent

to discriminate against them.  To the contrary, Plaintiffs explain the reason CFER did not take action at Plaintiffs' request – an arbitrator had already decided the matter.

As such, Plaintiffs have failed plausibly to suggest they have a right to relief in their duty of fair representation claim against CFER.  Accordingly, the Court grants CFER's motion to dismiss.  Because Plaintiffs' duty of fair representation claim fails, so must its claim against the Employer Defendants.  *See Crider v. Spectrulite Consortium, Inc.*, 130 F.3d 1238 (7th Cir. 1997) ("In a 'hybrid 301' suit, the employee's claim against the union and his claim against the employer are interlocked: neither claim is viable if the other fails.").  As such, the Court dismisses Plaintiffs' claims against both CFER and the Employer Defendants.

3. Conclusion

For the foregoing reasons, the Court **GRANTS** CFER's motion to dismiss and **DENIES** the Employee Defendants' motion to dismiss as moot.  The Court dismisses this case against all defendants and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** July 10, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

8