**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DEMETRIUS STAPLES, BARATUNDE OWOSENI and ANDREW DILLON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 13-cv-911-JPG-PMF |
| PARAGON SYSTEMS, INC., SECURITY CONSULTANTS GROUP, INC. SECURITAS SECURITY SERVICES USA, INC. and COMMITTEE FOR FAIR AND EQUAL REPRESENTATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion (Doc. 48) to Alter or Amend Judgment and Plaintiffs' Requests the Court to Reconsider the Granting of CFER's Nunc Pro Tunc Motion (Doc. 57).

**1. Background**

On September 3rd, 2013, Plaintiffs Demetrius Staples, Babatunde Owoseni, and Andrew Dillon filed a Complaint (Doc. 1) against Defendants Paragon Systems, Inc., d/b/a Parasys, Inc., Security Consultants Group, Inc., d/b/a SCG, Securitas Security Services USA, Inc., d/b/a Securitas and Committee for Fair and Equal Representation (hereafter "CFER").  The Complaint alleges a breach of collective bargaining agreement and breach of duty of fair representation due to the removal of the Plaintiffs from DHS/FPS/Employers in violation of Section 301(a) of the Labor Management Relations Act, 29 U.S.C. 185(a).

Defendants Security Consultants group, Inc., Paragon Systems, Inc., and Securitas Security Services USA, Inc. filed a Motion (Doc. 7) to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) for all claims seeking punitive damages, emotional distress, and equitable relief and Defendant Committee for Fair and Equal Representation filed a Motion (Doc. 10) to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs filed objections to both motions (Docs. 19, 20 & 21) and also filed a Motion (Doc. 14) to Disqualify CFCR's counsel.  Plaintiffs' Motion (Doc. 14) to Disqualify CFCR's counsel was denied on December 3, 2013.  The Court granted Defendant CFER's Motion (Doc. 10) to Dismiss and denied Defendants Security Consultants group, Inc., Paragon Systems, Inc., and Securitas Security Services USA, Inc.'s Motion (Doc. 7) to Dismiss as moot.

As such, the Clerk of Court entered judgment for the Defendants and against the Plaintiffs on July 10, 2014.  The Plaintiffs now request that the Court Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).

## 2.  Analysis

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983));  Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine.  *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that

reveals the prior ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

Under Rule 59(e), the court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).  It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876.  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

The Plaintiffs' Motion to Alter states that, "District Judge Phil Gilbert's decision to dismiss this case was erroneous, and this erroneous dismissal constitutes 'manifest error of law or fact' for several reason (Doc. 48, pg 2).  However, Plaintiffs Motion does not, at any point, address the main basis for the dismissal.  The Memorandum and Order dismissing this matter states:

"***Plaintiff's (sic) claims against CFER are governed by a six-month statute of limitation***."  (Doc. 46, pg 6, *emphasis added*).

Plaintiffs Motion fails to introduce new evidence or intervening changes in the controlling law that the six-month statute of limitation does not apply to their claims or that intervening changes in the controlling law expanded or extended the applicable statute of limitations.

The only issue that was left, once the claims that were barred by limitation were eliminated, was Plaintiffs' claim that CFER breached its duty of fair representation when it failed to file grievances or insist on arbitrating at Plaintiffs' requests.  On this issue, the Plaintiffs state that the Court did not provide an opportunity for the Plaintiffs to develop their claims through discovery or allow the Plaintiffs the opportunity to amend their complaint.

> "If discovery has been allowed to continue, Plaintiffs would have been able to fully address the breach of duty of fair representation issues raised by District Judge Gilbert and would have shown that CFER breached its duty of fair representation.  For example that: (1) CFER did not file 'a complaint with a Federal agency'; (ii) CFER did not file ' a complaint with a state agency'; (iii) CFER did not negotiate ' a settlement with the employer'; (iv) CFER did not assist the Plaintiffs 'find an attorney who will work, Pro-Bono'; (v) CFER did not assist the Plaintiffs 'in obtaining unemployment by supplying the member with copies of the grievance complaint and any letters sent to the employer . . ." (Doc. 48, pg 15).

As stated in the Memorandum and Order (Doc. 46), the above allegations do not allege that CFER's conduct was, "arbitrary, discriminatory, or in bad faith."  *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013).  Again, there is no new evidence that CFER treated other request for grievance or arbitration differently or that CFER has an improper motive for failing to file their grievance or seek arbitration.

As such, the Plaintiffs' Motion fails to demonstrate extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice. Plaintiffs have not clearly established grounds for relief and the Plaintiffs' Motion (Doc. 48) to Alter or Amend Judgment is **DENIED**.  Having denied Plaintiffs' Motion (Doc. 48) to Alter or Amend Judgment, Plaintiffs' Requests the Court to Reconsider the Granting of CFER's Nunc Pro Tunc Motion (Doc. 57) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED:**  10/28/2014                    s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **United States District Judge**